UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| ASHLEY N. PORTER | CIVIL ACTION |
|---|---|
| VERSUS | |
| KEVIN LONEY, ET AL. | NO. 16-100-JJB-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 18, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ASHLEY N. PORTER | CIVIL ACTION |
| VERSUS | |
| | NO. 16-100-JJB-RLB |
| KEVIN LONEY, ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter has been referred to the undersigned for a determination of the Court's subject matter jurisdiction. (R. Doc. 31).

**I. Background**

On or about January 14, 2016, Ashley N. Porter ("Plaintiff") initiated this personal injury action in the 21st District Court, St. Helana Parish, Louisiana ("State Court"), naming as defendants Marten Transport Ltd. ("Marten Transport"), Kevin Loney, and State Farm Mutual Automobile Insurance Company ("State Farm"). (R. Doc. 1-1 at 1-6, "Original Petition").

On February 12, 2016, Plaintiff filed an Amended Petition for Damages. (R. Doc. 19-3 at 27-30, "Amended Petition"). The Amended Petition removes State Farm as a defendant, and names Louisiana Farm Bureau Casualty Insurance Company ("Louisiana Farm Bureau") as a defendant. Plaintiff asserts that Louisiana Farm Bureau is its uninsured motorist ("UM") insurance provider. (Amended Petition, ¶ 9).

On February 17, 2016, Marten Transport removed the action, asserting that that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1; R. Doc. 2). In its removal papers, Marten Transport does not reference the Amended Petition or Louisiana Farm Bureau. Instead, Marten Transport based this Court's jurisdiction on the allegations and parties found in the Original Petition.

On April 5, 2016, Marten Transport filed an Answer. (R. Doc. 4).

1

On November 28, 2016, the Court dismissed Plaintiff's claims against Mr. Loney and State Farm for failure to serve process. (R. Doc. 14; R. Doc. 15; R. Doc. 16).[1]

On December 9, 2016, Louisiana Farm Bureau made an appearance in this action by filing an Answer to the Amended Petition. (R. Doc. 17). Louisiana Farm Bureau subsequently filed a motion to dismiss for insufficient process and insufficient service of process. (R. Doc. 19). For the first time, Plaintiff's Amended Petition filed in State Court prior to removal was filed into this Court's record. (*See* R. Doc. 19-3 at 27-30).

On January 31, 2017, Marten Transport filed a "Statement in Support of Louisiana Farm Bureau's Motion to Dismiss." (R. Doc. 28). In this filing, Marten Transport asserts that Plaintiff is attempting to "join" Louisiana Farm Bureau, a Louisiana citizen, as a non-diverse defendant to destroy complete diversity and to deprive the Court of subject matter jurisdiction. (R. Doc. 28 at 2).

Concerned about the potential appearance of a non-diverse defendant, the district judge referred this to the undersigned for any appropriate action. (R. Doc. 31). On March 13, 2017, the Court required the parties to file briefs addressing whether the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (R. Doc. 32). The Court specifically ordered the parties to address "whether Louisiana Farm Bureau was added as a defendant prior to removal, and whether the presence of Louisiana Farm Bureau as a defendant in this action destroys complete diversity." (R. Doc. 32 at 2).

The Court held oral argument on March 28, 2017. (R. Doc. 37). The Court required Plaintiff and Martin Transport to conduct expedited jurisdictional discovery. The Court ordered

---

[1] At this point in the litigation, this Court was unaware that State Farm, which had originally been named as Plaintiff's UM insurance provider in the Petition, had been effectively dismissed as a defendant in State Court prior to removal in light of the filing of the Amended Petition.

the parties to submit supplemental briefing on the issue of whether Louisiana Farm Bureau Casualty, if added as a non-diverse defendant prior to removal, was improperly joined. The Court also ordered Martin Transport to amend its Notice of Removal to include copies of all records and proceedings in the state court that were filed prior to the removal of this action, pursuant to 28 U.S.C. § 1447(b).

On May 2, 2017, Marten Transport filed a Second Amended Notice of Removal. (R. Doc. 41).

## II. Arguments of the Parties

Marten Transport argues that the Court has diversity jurisdiction over this action. (R. Doc. 33; R. Doc. 40). Marten Transport acknowledges that Plaintiff filed an Amended Petition on February 16, 2016 naming Louisiana Farm Bureau as a defendant. (R. Doc. 33 at 1; R. Doc. 40 at 1). Nevertheless, Marten Transport argues that because Louisiana Farm Bureau had not been served prior to removal, it was "not properly added as a defendant prior to removal." (R. Doc. 33 at 4; *see* R. Doc. 40 at 6). Based on this premise, Marten Transport further argues that Plaintiff is now improperly attempting to "disrupt" diversity jurisdiction by adding Louisiana Farm Bureau to the lawsuit as a non-diverse defendant. (R. Doc. 33 at 6-9; R. Doc. 40 at 6-7).

Marten Transport further argues that the citizenship of Louisiana Farm Bureau should be ignored on the basis that it was improperly joined as a defendant in this action because Plaintiff has failed to state a claim upon which relief can be granted against Louisiana Farm Bureau. (R. Doc. 33 at 4-6; R. Doc. 40 at 2-5). In its initial brief, Marten Transport asserted that because it "maintains an AIG policy of insurance with liability coverage of one million dollars ($1,000,000) with a one million dollar ($1,000,000) self-insured retention," as well as "several layers of excess insurance available," Plaintiff has no possibility of recovery against Louisiana

Farm Bureau. (R. Doc. 33 at 5-6). Having conducted additional discovery, Marten now asserts that it actually has $3,000,000 in liability coverage, $1,000,000 in self-insured retention, and $2,000,000 in excess liability coverage. (R. Doc. 40 at 3). Based on these amounts of coverage, Marten Transport again asserts that "there is no reasonable basis for predicting recovery against Louisiana Farm Bureau, the in-state defendant." (R. Doc. 40 at 5). Marten Transport admits that its $1,000,000 in self-insured retention is "eroded with attorney's fees." (R. Doc. 40 at 3).

In support of remand, Plaintiff argues that because Marten Transport did not provide the applicable policy limits in response to discovery requests issued in State Court at the time the Petition was filed, Plaintiff properly amended her Petition to name Louisiana Farm Bureau as a defendant. (R. Doc. 38). Plaintiff asserts that Marten Transport improperly asserted in its Notice of Removal that all named defendants have consented to removal because the State Court record demonstrates that Louisiana Farm Bureau was named as a defendant prior to removal. (R. Doc. 42 at 3-4). Finally, Plaintiff asserts that in light of her past and future treatment (which includes a L4-L5 laminectomy, spinal cord stimulator trial, and scheduled shoulder surgery), the amount in controversy could exceed the $6,000,000 in coverage held by Marten Transport. (R. Doc. 42 at 5).

### III. Law and Analysis

#### A. Legal Standards for Removal Based on Diversity Jurisdiction

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must

exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed . . ."). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

### B. The Operative Pleading

"It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." *See In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939)).

Plaintiff filed an Amended Petition in State Court on February 12, 2016. (R. Doc. 19-3). Marten Transport removed this action five days later on February 17, 2016. (R. Doc. 1). A Notice of Removal must be "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure" and provide "a copy of all process, pleadings, and orders served upon [the removing] defendant or defendants" in the action. 28 U.S.C. § 1446(a). While acknowledging that the Amended Petition was filed in State Court prior to removal, Marten Transport represents that its counsel did not receive a copy of the Amended Petition until April 6, 2016 (R. Doc. 40 at 6). Accordingly, Marten Transport did not have a duty to file the Amended Petition with the Notice of Removal pursuant to Section 1446(a).[2]

---

[2] That said, the Court finds it disconcerting that after it received a copy of the Amended Petition on April 6, 2016, Marten Transport did not inform the Court of the existence of the Amended Petition. Likewise,

Until Marten Transport filed its Notice of Removal on February 17, 2016, and provided the State Court with notice of the removal, the State Court properly exercised jurisdiction in this action. 28 U.S.C. § 1446(d). Under Louisiana procedural law, "[a] plaintiff may amend his petition without leave of court at any time before the answer thereto is served." La. C. Civ. P. art. 1151. The State Court record indicates that no answer was filed prior to the filing of the Amended Petition. Accordingly, the Amended Petition was properly filed without leave of court pursuant to Article 1151. Marten Transport has not demonstrated that the filing was otherwise contrary to law.

Having concluded that the Amended Petition was the operative pleading at the time of removal, the Court will briefly turn to whether Louisiana Farm Bureau's citizenship should be ignored on the basis that it was not served at the time of removal.

### C. Lack of Service Does Not Preclude Consideration of a Defendant's Citizenship

Marten Transport argues that the citizenship of Louisiana Farm Bureau must be ignored on the basis that it was not served prior to removal. It cites no law to support this proposition.

The removal statute distinguishes between served and un-served defendants solely for the purpose of consent to removal. *See* 28 U.S.C. § 1446(d). Accordingly, while it was proper for Marten Transport to remove without Louisiana Farm Bureau's consent because Louisiana Farm Bureau had not been served prior to removal, Section 1446(d) does not provide that its citizenship must be ignored for the purposes of determining complete diversity pursuant to Section 1332.

---

Plaintiff certainly had the opportunity to notify the Court of the existence of the Amended Petition as well as the naming of a non-diverse defendant. As stated above, the Court did not become aware of the Amended Petition until Louisiana Farm Bureau made its appearance and filed a motion to dismiss. (R. Doc. 17; R. Doc. 19).

6

To be clear, "[t]he United States Supreme Court has held that the citizenship of all defendants, whether served with process or not, is to be considered when determining whether complete diversity exists in a removed lawsuit." *In re Norplant Contraceptive Prod. Liab. Litig.*, 889 F. Supp. 271, 273 (E.D. Tex. 1995) (citing *Pullman*, 305 U.S. at 541); *see also New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("A non-resident [and diverse] defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *Aydell v. Sterns*, 677 F. Supp. 877, 879 (M.D. La. 1988) ("We begin by recognizing that the simple fact that a resident [and non-diverse] defendant has not yet been served does not, in and of itself, entitle a non-resident [and diverse] defendant to remove.") (citing *Pullman*, 305 U.S. 534).[3]

Based on the foregoing, the citizenship of Louisiana Farm Bureau cannot be ignored on the basis that it was not served at the time of removal. The Court will now turn to whether the citizenship of Louisiana Farm Bureau should be ignored pursuant to the improper joinder doctrine.

### D. Improper Joinder

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th

---

[3] In addition to being a non-diverse defendant, Louisiana Farm Bureau is a "citizen of the State in which the action is brought," i.e., a resident or "forum" defendant, and removal was therefore improper pursuant to 28 U.S.C. § 1441(b)(2). Plaintiff did not, however, seek remand within the 30-day period provided by 28 U.S.C. § 1447(c). Accordingly, Plaintiff waived this procedural defect. *In re: Shell Oil Co.*, 932 F.2d 1518, 1521 (5th Cir. 1991) (forum defendant rule is a procedural defect and subject to the 30-day period to file remand motions).

Cir. 2003). To meet its burden, the removing party must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. at 647. Stated differently, the second type of improper joinder requires the removing defendant to establish "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573 (5th Cir. 2004)

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Travis*, 326 F.3d at 649. However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined. *Id*. Although the court may consider "summary judgment-type evidence in the record," it must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.

Having reviewed the applicable law, and resolving any doubt as to the propriety of removal in favor of remand, the Court concludes that Marten Transport has not met its heavy burden of establishing that Louisiana Farm Bureau was improperly joined as a defendant in this action.

"Louisiana has a strong public policy in favor of UM coverage, evidenced by statutes imposing UM coverage regardless of policy language or party intentions unless expressly waived in writing." *Bingham v. Wilson*, No. 08-3593, 2008 WL 4286841, at *2 (E.D. La. Sept. 16, 2008) (citing *Duncan v. U.S.A.A. Ins. Co.*, 950 So. 2d 544, 547 (La. 2006)). The Louisiana Supreme Court has stated that "[t]he object of UM insurance is to provide full recovery for automobile

accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance." *Duncan*, 950 So. 2d at 547. The Louisiana Supreme Court has further stated that "[a] solidary obligation between the tortfeasor and the victim's uninsured motorist carrier may arise either when the tortfeasor is uninsured or when the tortfeasor's liability coverage is less than the amount of damages sustained by the tort victim." *Fertitta v. Allstate Ins. Co.*, 462 So. 2d 159, 162 (La. 1985). "As between insurers the obligation of the liability insurer is primary and that of the UM carrier secondary, such that UM benefits are excess over and above the combined liability insurance limits of all tortfeasors." *Edwards v. Dairyland Ins. Co.*, 560 So. 2d 95, 99 (La. App. 3rd Cir. 1990).

In the Amended Petition, Plaintiff seeks recovery of various categories of damages, including past, present, and future medical expenses, physical pain and suffering and bodily injury, loss of income, loss of enjoyment of life, permanent injuries and disability, diminution of income earning capacity, loss of society, and mental anguish. (Amended Petition, ¶ 8). Plaintiff alleges that Louisiana Farm Bureau is her UM insurance provider and that she seeks coverage under the applicable UM insurance policy. (Amended Petition, ¶ 9). Plaintiff further alleges that Keven Loney, Marten Transport, and Louisiana Farm Bureau are solidarily liable for damages sustained as a result of the accident. (Amended Petition, ¶ 9).

Focusing solely on the second type of improper joinder, Marten Transport argues that in light of its $3,000,000 in liability coverage, $1,000,000 in self-insured retention (which has been "eroded with attorney's fees"), and $2,000,000 in excess liability coverage, there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Louisiana Farm Bureau. Other than referencing its policy limits and raising conclusory assertions with regard to the "potential value" of Plaintiff's injuries, Marten Transport makes no attempt at

9

demonstrating that there is no reasonable basis for the district court to predict that Plaintiff might be able to recover against Louisiana Farm Bureau.

Despite having being given an opportunity to conduct limited jurisdictional discovery, Marten Transport has set forth no evidence demonstrating that Plaintiff cannot recover against Louisiana Farm Bureau. Plaintiff asserts that the amount in controversy could exceed $6,000,000, the limits of Marten Transport's coverage. (R. Doc. 42 at 5). In support of this assertion, Plaintiff represents that as a result of the accident she has undergone a L4-L5 Laminectomy and a spinal cord stimulator trial, has scheduled shoulder surgery, and "has ongoing medical treatment and anticipates future procedures." (R. Doc. 42 at 5). While Marten Transport has set forth evidence indicating that it has $6 million in applicable coverage, it has not set forth any evidence that Plaintiff cannot recover more than the amount provided by those policies or that coverage under the UM policy is otherwise unavailable to Plaintiff.

Based on the foregoing, the Court concludes that Marten Transport has not met its heavy burden of demonstrating that Louisiana Farm Bureau was improperly joined as a defendant in this action. Several decisions support this conclusion. *See*, *e.g.*, *Cibulski v. Miller*, No. 12-2837, 2013 WL 950570, at *4 (E.D. La. Mar. 11, 2013) (no improper joinder of UM insurer where removing defendant had $15 million in coverage, including excess coverage, and plaintiff alleged that she, among other things, "sustained great and severe physical and mental injuries, suffered extreme and excruciating physical pain and mental anguish"); *see also Allen v. Occidental Fire & Cas. Co. of N. Carolina*, No. 11-2806, 2012 WL 1118764, at *3 (E.D. La. Apr. 3, 2012) (no improper joinder of UM insurer where removing defendant had $1 million in coverage, and plaintiffs sustained alleged neck, back, and knee injuries); *Rivere v. Leonhardt*, No. 10-2743, 2010 WL 4553521, at *3 (E.D. La. Oct. 28, 2010) (no improper joinder of UM

insurer where removing defendant had $1,000,000 in coverage, and did not provide "conclusive evidence" indicating that the plaintiff's damages would not exceed that amount); *Bingham*, 2008 WL 4286841, at *3 (no improper joinder of UM insurer where removing defendant had $500,000 in coverage, and plaintiff alleged he suffered five herniated discs and a bulging disc).

It is neither Plaintiff's burden nor this Court's burden to demonstrate that Louisiana Farm Bureau's citizenship must be disregarded for the purpose of determining whether the Court has diversity jurisdiction over this action. The burden fell on Marten Transport to demonstrate otherwise, and it has fallen short of that burden.

In sum, the Court concludes that Louisiana Farm Bureau was properly joined as a defendant in this action, prior to removal, and therefore complete diversity of citizenship is not present.

## IV. Conclusion

Based on the foregoing, in light of the presence of the non-diverse defendant Louisiana Farm Bureau in this action, remand for lack of diversity jurisdiction is appropriate.

**IT IS RECOMMENDED** that the action be **REMANDED** to the 21st District Court, St. Helena Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on May 18, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**