UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ASHLEY N. PORTER                                                  CIVIL ACTION

VERSUS

KEVIN LONEY, ET AL.                                     NO. 16-00100-JJB-RLB

**ORDER AND REASONS**

Before the Court is the United States Magistrate Judge's *Report and Recommendation* issued pursuant to 28 U.S.C. § 626(b)(1).[1] The Court, *sua sponte*, raised the issue of whether it still had subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 considering the appearance made by Defendant Louisiana Farm Bureau on December 9, 2016.[2] The Court referred the issue to Magistrate Judge Bourgeois, who recommends that due to the presence of non-diverse Defendant Louisiana Farm Bureau in this action, that this matter be remanded to the 21st Judicial District Court, St. Helena Parish, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. §1332.

Defendant, Marten Transport, Ltd. ("Marten Transport") timely filed an *Objection* to the Magistrate Judge's finding that Louisiana Farm Bureau, Plaintiff's uninsured motorist carrier, had not been improperly joined to defeat diversity jurisdiction.[3] Citing to various state law cases, Marten Transport contends that Louisiana case law demonstrates that there is no reasonable basis for the Court to predict that Plaintiff, Ashley Porter ("Porter"),

---

[1] Doc. 43.
[2] Doc. 17 and Doc. 18.
[3] Doc. 44. Plaintiff Ashley Porter filed a *Response to Objection to Judge's Report and Recommendations*. Doc. 45.

1

might be able to recover from her uninsured motorist carrier, Louisiana Farm Bureau.[4] The Court finds that Marten Transport's argument is completely undermined by the affirmative defenses it has filed in this matter.

Although the rule of unanimity is not at issue in this case,[5] the Court finds that jurisprudence analyzing whether a party is nominal for removal purposes is relevant here. Similar to the burden placed on a removing party asserting fraudulent or improper joinder, a removing party who argues that consent of another party is not required because it is a nominal party, must show that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendant in state court.[6] Relying on this line of jurisprudence, the Court finds that remand is further warranted in this case.[7]

The Court finds *Garner v. Hyken*[8] to be particularly instructive. In *Garner*, the plaintiff filed suit in state court to recover damages sustained as a result of a motor vehicle accident, naming the at-fault driver ("Hyken"), the at-fault driver's liability carrier ("American Family"), and his own uninsured/underinsured carrier ("USAA"). American Family removed the case to federal court on grounds of diversity jurisdiction, without obtaining the consent of Hyken or USAA. In response to Garner's motion to remand, American Family argued that USAA was a nominal party whose consent for removal was

---

[4] Doc. 44, pp. 2-3.
[5] The rule of unanimity has been codified in 28 U.S.C. §1446. *Weatherspoon v. JPMorgan Chase Bank*, Civil Action No. 17-98, 2017 WL 2486363 (M.D.La. May 19, 2017). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." 28 U.S.C. 1446(b)(2)(A).
[6] *In re Beazley Ins. Co.*, No. 09-20005, 2009 WL 7361370, at *4 (5th Cir. 2009). Where fraudulent joinder is at issue, the removing party must show the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).
[7] *See, e.g., Garner v. Hyken*, Civil Action No. 10-4135, 2011 WL 1002098 (E.D.La. Mar. 18, 2011); *Tureaud v. Kephart*, Civil Action No. 09-7269, 2010 WL 1254372 (E.D.La. Mar. 24, 2010).
[8] *Garner*, 2011 WL 1002098 (E.D.La. Mar. 18, 2011).

not required.[9] American Family explained that its liability policy was "in full force and effect" at the time of the accident, and had a coverage limit of $250,000 per person, with a five million ($5,000,000) umbrella policy covering the vehicle.[10] Relying upon this, American Family argued that because its policy exceeded the amount in controversy of the case, Garner would not be able to establish a cause of action against USAA. In its analysis, the *Garner* court noted that American Family, in its answer, pled the applicability of "any and all exclusions or policy coverage provisions."[11] Considering this affirmative defense, the *Garner* court reasoned that "[b]y denying that its policy covers plaintiff's damages, American Family completely undermines its argument that plaintiff cannot possibly state a claim against USAA."[12] Ultimately, the *Garner* court concluded that USAA was not a nominal party for purposes of removal, and remanded the case to state court.

Like the removing defendant in *Garner*, Marten Transport has heavily relied upon the fact that because it has a policy limit of six million dollars, Porter will never be able to state a claim upon which relief will be granted against her uninsured motorist insurance provider, Louisiana Farm Bureau.[13] In its *Objection* to the *Report and Recommendation*, Marten Transport cites to several Louisiana cases to show that Porter's injuries will not result in a damage award in excess of its six million dollar policy. However, in making

---

[9] American Family also argued that its notice of removal did not reflect the Hykens' consent due to exceptional circumstances. *Id.* at *2.
[10] *Id.* at *3.
[11] *Id.* at *4.
[12] *Id.* The *Garner* court further explained that "[t]o the extent that the American Family policy does not cover plaintiff's damages because of such exclusions or policy coverage provisions, plaintiff may have a claim against USAA." *Id.*
[13] Defendant Marten Transport has focused on the fact that it has an AIG policy of insurance with liability coverage of three million dollars ($3,000,000) with a one million dollar ($1,000,000) self-insured retention, and an excess liability policy with National Fire & Marine Insurance Company that provides two million dollars ($2,000,000) in coverage. Doc. 40, p. 2; Doc. 40-1; Doc. 44, p. 2; Doc. 44-1.

3

this argument, Marten Transport has overlooked another critical fact. In its *Answer*, Marten Transport asserted an affirmative defense claiming that any damages sustained by Porter "are the fault of a third party for whom the defendant is not responsible."[14] Marten Transport has not conceded or stipulated that it is liable for Porter's injuries and damages.[15]

Marten Transport cannot have it both ways. Marten Transport cannot argue, on the one hand, that Porter has no possible claim against Louisiana Farm Bureau because its own policy limit of six million dollars will clearly cover any of Porter's damages, while arguing, on the other hand, that the damages sustained by Porter were the fault of a third party for whom Marten Transport is not responsible or liable. Marten Transport cannot avoid the possibility that, if, for any reason Porter is unable to recover from Marten Transport, then she may proceed against Louisiana Farm Bureau as her uninsured motorist coverage carrier. Based on the foregoing, the Court finds that Marten Transport has failed to meet its burden of showing there is no possibility that Porter could recover against Louisiana Farm Bureau. For these reasons, and those reasons set forth in the Magistrate's *Report and Recommendation*, remand is warranted in this case.

The Court hereby modifies the Magistrate Judge's *Report and Recommendation* to incorporate the Court's reasoning as set forth above, and adopts Magistrate Judge Bourgeois' *Report and Recommendation* as its own *Opinion* herein.

---

[14] *See* Doc. 5, p. 3, "Third Affirmative Defense: The damages sustained by plaintiff, if any, are the fault of a third party for whom defendant is not responsible." Marten Transport also pled the following: "Fourth Affirmative Defense: In the alternative, plaintiff's injuries, if any, were the proximate result of superseding and/or intervening occurrences, acts, negligence and/or omissions of other persons over whom defendant has and/or had no control or responsibility, and to that extent, their fault is affirmatively pled herein." Doc. 5, p. 4. *See also*, *Status Report*, Defendant Claims, p. 2.

[15] Doc. 44, p. 3, n. 1. ("Defendant's argument is made solely for the purpose of jurisdiction, and is not a stipulation as to liability.")

Accordingly,

**IT IS HEREBY ORDERED** that this case be remanded to the 21st Judicial District Court, St. Helena Parish, State of Louisiana.

Signed in Baton Rouge, Louisiana, on June 29th, 2017.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**